# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

SIMARON D. HILL, )
)
Petitioner, )
)
v. ) 1:23CV624
)
STATE OF NORTH CAROLINA, )
)
Respondent. )

## RECOMMENDATION AND ORDER
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a state prisoner, submitted a Letter stating that the State of North Carolina has violated his rights regarding his prison sentences and seeking the appointment of a Federal Public Defender to help him file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge the sentences he received in the state courts. The Court treated the filing as a § 2254 petition out of an abundance of caution. This Petition cannot be further processed because it appears that Petitioner already attacked his convictions and sentences in a previous § 2254 petition [1:01CV801]. Consequently, as the Court informed Petitioner in the past, he must apply to the United States Court of Appeals for the Fourth Circuit for an order authorizing this Court to consider the current Petition, as required by 28 U.S.C. § 2244(b)(3)(A). This Court cannot consider the Petition unless that authorization first issues. Petitioner does not claim that he received authorization to file a successive Petition. Because of this pleading failure, the Petition should be dismissed. *In forma pauperis* status will be granted for the sole purpose of entering this Recommendation and Order.

As for any appointment of counsel, the Office of the Federal Public Defender does not handle cases from the state courts. This Court can sometimes appoint counsel for a petition under § 2254, but there is no absolute right to an attorney in a civil case. DesRosiers v. Moran, 949 F.2d 15, 23-24 (1st Cir. 1991). Before appointing an attorney, the Court must look to the type and complexity of the case, and the ability of Petitioner to prosecute it. Id.; Whisenant v. Yuam, 739 F.2d 160 (4th Cir. 1984). This analysis also applies to persons seeking habeas corpus relief, Reese v. Fulcomer, 946 F.2d 247, 264 (3d Cir. 1991) (no evidentiary hearing), and it also includes post-hearing motions, United States v. Seretti, 754 F.2d 817 (9th Cir. 1985) (petition for certiorari). Furthermore, except in death penalty cases, the Court normally does not appoint counsel prior to filing a § 2254 petition. Given the lack of authorization in the present case, Petitioner does not, at this time, meet this test and the Court will deny the request for counsel. Petitioner may make a motion seeking counsel if he later files a § 2254 petition after receiving authorization to do so.

IT IS THEREFORE RECOMMENDED that the Petition be dismissed for failure to apply to the United States Court of Appeals for the Fourth Circuit for an order authorizing this district court to consider the current Petition as is required by 28 U.S.C. § 2244.

IT IS THEREFORE ORDERED that Petitioner's request for counsel is denied and that *in forma pauperis* status is granted for the sole purpose of entering this Recommendation and Order.

IT IS FURTHER ORDERED that the Clerk shall send Petitioner a copy of this Recommendation and Order, instruction forms for filing § 2254 petitions in this Court and for filing a Motion for Authorization in the United States Court of Appeals for the Fourth Circuit, an application to proceed *in forma pauperis* (upon request), and four copies of § 2254 petition forms (more copies will be sent on request). Petitioner should keep the original and two copies of the § 2254 petition which can be submitted in this Court if Petitioner obtains approval from the Fourth Circuit.

This, the 2nd day of August, 2023.

_____
Joe L. Webster
United States Magistrate Judge